PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. RAFAEL
LÓPEZ or GÓMEZ, *alias* BÚLICO, Defendant and Appel-
lant.

No. 2343. Argued January 27, 1925 ,—Decided May 19, 1925.

1. EVIDENCE — ACCOMPLICE — CORPORATIÓN. — The testimony of an accomplice is
corroborated if after eliminating his testimony there is other evidence tend-
ing to connect the defendant with the offense.

2. ID.—ERROR.—The fact that the judge does not believe the defendant's wit-
nesses or analyze their testimony in announcing his conclusions is not preju-
dicial error when there is nothing to show that the defense of the accused
demanded serious consideration.

District Court of Humacao, Pablo Berga, J.   Judgment convicting
the defendant of arson.   *Affirmed.*

*Rafael Cuevas Zequeira* for the appellant.   *José E. Figueras, Fiscal.*
for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant at his request was tried by the court without
a jury, convicted of arson, and now says that—

"1.—The District Court of Humacao erred in overruling the
motion for acquittal presented by the defendant wherein he con-
tended that the evidence of the prosecution was insufficient inas-
much as the same consisted of the testimony of an accomplice which
was not duly corroborated.

"2.—The district court erred in finding the defendant guilty
without considering the evidence of the defense, which was disre-
garded by the court as though never offered."

There was testimony tending to show that within a day
or two before the fire defendant announced his anticipation
of handling some $500, and a purpose to invest in a *cafe-
tín;* that he arrived at his home on the night of the event
at 3 o'clock in the morning after the fire was well under
way; that after trying to sell a wardrobe, and declining
to purchase other furniture offered to him, defendant in-
timated that people should not be startled upon hearing
"detonations in Muñoz Rivera Street" where the fire sub-
sequently occurred; that a gasoline can bearing the indicia

of having been opened in the manner described by the accomplice was found at the spot indicated by such accomplice; that defendant was seen to enter the kitchen of his dwelling about 10 o'clock in the evening with gasoline and was heard to say to a companion: "Come over here, we can make better progress," and that fire broke out in the rear part of the house within half an hour thereafter.

[1] This, we think, brings the case within the rule invoked by appellant, as announced in *People* v. *Morton*, 139 Cal. 719, where the California court quotes with approval from a Texas case as follows:

"We suggest this mode as a proper test: eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no *inculpatory* evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him."

[2] The court below, in the course of a ten-page opinion mentions the alibi relied upon as a defense, and discusses at length all other questions raised. Obviously the trial judge was not impressed by the attempt to establish an alibi, nor was he obliged either to believe the witnesses for defendant or to analyze their testimony in announcing the conclusion reached upon the evidence as a whole. Beyond an expression of opinion by counsel as to the persuasive force of this testimony in support of the alibi, there is nothing even in the brief for appellant to show that the same demanded serious attention; and in the circumstances the error, if any, may be regarded as harmless.

The judgment appealed from must be affirmed.